PER CURIAM.
This cause is before us on appeal of a trial court order denying several claims by appellants against the receivership for ap-pellee Southern American Fire Insurance Company (SAFIC). SAFIC, which was seized in 1975 and put into receivership by the Department of Insurance (the Department) in 1976, was formerly operated by appellant William H. Hartnett (Hartnett). Appellants Hartnett and International Funding Corporation argue that the trial court erred in denying claims for reimbursement of legal services, for monies paid by Hartnett on behalf of SAFIC, for interest on a surplus note, and to reconcile accounts between SAFIC and Hartnett Insurance Agency.[1]
After argument and on review of the record, we find no reversible error in the trial court’s denial of the claims for interest on the surplus note, reimbursement of legal expenses, and reconciliation of accounts between Hartnett Insurance Agency and SAFIC. However, it was error to entirely deny Claim 128409 for reimbursement of $86,270.22 paid on behalf of SAFIC. The order below states the claim was denied because “[b]ased on the evidence, documentation and the credibility of the testimony presented at hearing by William J. Hartnett, Sr., [it was] not sufficiently supported or documented.” The record reflects, however, that Hartnett document ed his claim by introducing into evidence an SAFIC internal accounting tape, as well as receipts for some of the sums shown on the tape. The tape had handwritten check numbers and annotations indicating that some of the funds disbursed were paid by Hartnett. Hartnett testified that the handwritten notes were made by his accountant. These documents have been in the Department’s custody since the business was originally liquidated in 1976. No evidence was produced by appellee indicating that the tape was inaccurate, Hartnett was repaid, or the receipts were forgeries or inaccurate. In fact, appellee specifically waived objection to the evidence.
Hartnett introduced uncontested receipts for three of the sums shown on the tape, and it was, therefore, error to rule that these amounts were “not sufficiently supported or documented.” Accordingly, we reverse as to that portion of the claim.
As to the balance of the claim, Hart-nett did not introduce any supporting documentation for the remaining sums shown on the accounting tape. He testified as to what the sums represented and the significance of the notations made opposite various sums. This was sufficient if the trial court believed Hartnett. Hartnett’s testimony was, therefore, crucial to interpreting thé tape relevant to those portions of the subject claim which were not supported by receipts. It is unclear from the order on appeal whether the trial court denied the claim because it disbelieved Hartnett or because it found documentation insufficient. Accordingly, we reverse and remand for entry of an order (1) awarding Hartnett $7,276 for the portions of the claim he corroborated with receipts, and (2) for reconsideration of the other portions of the claim which are sufficiently supported by the documentation if the trial court finds Hartnett’s testimony credible.
ERVIN, BOOTH and THOMPSON, JJ., concur.

. Hartnett Insurance Agency is a corporation operated by appellant Hartnett.